UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                             Criminal No. 18-cr-127-LM
                                        Opinion No. 2020 DNH 063

<u>Ahmad Khawaja</u>

**O R D E R**

On May 2, 2019, defendant pleaded guilty to one count of importation of a controlled substance (MDMA) in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3).  On January 3, 2020, the court sentenced defendant to 30 months of imprisonment and recommended that he participate in the Residential Drug Abuse Program while incarcerated.  On February 20, 2020, defendant self-surrendered to the Federal Correctional Institution Danbury in Connecticut where he remains incarcerated.  In light of the spread of COVID-19 in federal prisons and his respiratory health issues, defendant requests pursuant to 18 U.S.C. § 3582(c)(1)(A) that the court allow him to serve the remainder of his sentence in home confinement.  Doc. no. 43.  The government objects.  For the following reasons, the court denies defendant's motion.

**STANDARD OF REVIEW**

A court may grant so-called "compassionate release" to a defendant under 18 U.S.C. § 3582(c)(1)(A).  18 U.S.C. § 3582(c)(1)(A) provides, in relevant part, that:

the court, upon motion of the Director of the Bureau
of Prisons or upon motion of the defendant after the
defendant has fully exhausted all administrative
rights to appeal a failure of the Bureau of Prisons to
bring a motion on the defendant's behalf or the lapse
of 30 days from the receipt of such a request by the
warden of the defendant's facility, whichever is
earlier, may reduce the term of imprisonment (and may
impose a term of probation or supervised release with
or without conditions that does not exceed the
unserved portion of the original term of
imprisonment), after considering the factors set forth
in section 3553(a) to the extent that they are
applicable, if it finds that—

    (i)  extraordinary and compelling reasons warrant
       such a reduction

. . .

and that such a reduction is consistent with
applicable policy statements issued by the
Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A); see also U.S.S.G. § 1B1.13

(sentencing guidelines policy statement on compassionate

release).  Under this statute, a district court may properly

consider a motion for compassionate release under three

circumstances: (1) the motion is filed by the Director of the

Bureau of Prisons ("BOP"); (2) the motion is filed by defendant

after he exhausts all his administrative rights to appeal BOP's

refusal to bring a motion on his behalf; or (3) the motion is

filed by defendant 30 days after defendant requested BOP to

petition for compassionate release on his behalf.  18 U.S.C. §

3582(c)(1)(A).

Once a motion for compassionate release is properly before the court, the court must then determine if defendant is eligible for release.  The statutory language quoted above requires that defendant show that "extraordinary and compelling reasons warrant" a reduction in his sentence, that the court consider the factors set forth in 18 U.S.C. § 3553(a) to the extent applicable, and that the reduction be "consistent" with the Sentencing Commission's applicable policy statements.  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's policy statement regarding compassionate release adds the requirement that the court find that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).

In short, a court may reduce a term of imprisonment under the compassionate release provision if it: (1) finds that extraordinary and compelling reasons warrant the reduction; (2) finds that the defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of reduction.  See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13; see also United States v. Sapp, No. 14-CR-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020); United States v. Willis, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019).  The defendant has the

burden of showing that he or she is entitled to a sentence reduction. United States v. Ebbers, No. S402CR11443VEC, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). The court has "broad discretion in deciding whether to grant or deny a motion for sentence reduction." United States v. Paul Gileno, No. 3:19-CR-161-(VAB)-1, 2020 WL 1307108, at *2 (D. Conn. Mar. 19, 2020) (internal quotation marks omitted).

## BACKGROUND

On February 20, 2020, defendant began serving his 30-month sentence at FCI Danbury for importation of a controlled substance (MDMA). He has served two months of his sentence. He now requests that the court release him to serve the remainder of his sentence in home confinement due to the threat to his health caused by the spread of COVID-19 in prisons. The threat caused by COVID-19 to the health and safety of the public at large is well-documented and constantly evolving.[1] That threat is even greater for incarcerated individuals due to the constraints of the prison environment. As the Centers for

---

[1] The court has issued numerous standing orders restricting access to the courthouse and postponing court proceedings due to the public health threat posed by the virus. See http://www.nhd.uscourts.gov/court-response-coronavirus-disease-covid-19.

Disease Control and Prevention ("CDC") has recognized, "[i]ncarcerated/detained persons live, work, eat, study, and recreate within congregate environments, heightening the potential for COVID-19 to spread once introduced."[2]  Indeed, defendant represents that 34 inmates and 12 staff members at FCI Danbury have tested positive for the virus.

Defendant argues that he is eligible for compassionate release because he has a higher risk of experiencing severe illness from the virus due to his underlying health condition. Defendant alleges that two years ago, his primary care physician prescribed him an inhaler for his "breathing difficulties." Doc. no. 43 at 4.  Defendant admits that his physician has not diagnosed the source of these breathing issues but contends that they worsen when he experiences increased anxiety.  He also submits that after being incarcerated in late February he made a medical appointment and requested an inhaler but has not yet been seen by prison medical staff.  He also contends that, due to the outbreak of COVID-19, his anxiety has "greatly increased," thereby exacerbating his breathing problems.

---

[2] CDC, Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited Apr. 20, 2020).

Defendant filed his motion for compassionate release on April 9, 2020. There is no indication in defendant's motion that he sought compassionate release from BOP before filing this motion. Instead, he argues that the exhaustion of administrative appeals and 30-day waiting period prerequisite to a defendant filing a compassionate release motion are waivable by the court in certain circumstances. He asserts that the combination of the spread of COVID-19 in prison populations and his increased risk of complications from the virus due to underlying health issues justify waiver of the exhaustion requirement in this case. The government objects, arguing that the statutory exhaustion requirement is mandatory and cannot be waived by the court.

## DISCUSSION

Over the last month, federal courts have confronted a tidal wave of compassionate release requests by inmates based on the threat posed by the presence of the highly contagious COVID-19 virus in the close quarters of the prison environment. Courts addressing the issue of whether the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) are waivable in the context of this global pandemic have split: some have held the exhaustion requirement mandatory, while others have held that it

can be waived.  Compare, e.g., United States v. Lugo, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *4-5 (D. Me. Apr. 10, 2020) (holding that statutory exhaustion requirement is mandatory and describing split of authority), with United States v. Zukerman, No. 16 CR. 194 (AT), 2020 WL 1659880, at *3-4 (S.D.N.Y. Apr. 3, 2020) (holding that exhaustion requirement may be waived under certain circumstances).

The court need not decide this legal issue in the present case.  Even assuming that defendant is correct that the court can waive the exhaustion requirement under certain circumstances, the court finds that this case does not present circumstances warranting such waiver.  Alternatively, even if the court did waive the exhaustion requirement, the court would still not find that extraordinary and compelling reasons warrant a reduction in defendant's sentence.

I.   Waiver of Exhaustion Requirements Not Justified

In support of his argument that the court has authority to waive § 3582(c)(1)(A)'s exhaustion requirements, defendant relies on a line of cases reasoning that exhaustion may be excused under three circumstances.  See, e.g., Zukerman, 2020 WL 1659880, at *3; United States v. Colvin, No. 3:19CR179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020).  First,

exhaustion may be unnecessary where it would be futile.  See Colvin, 2020 WL 1613943, at *2.  Exhaustion may be futile if undue delay results in "catastrophic health consequences."  Id. (internal quotation marks omitted).  "Second, exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief."  Zukerman, 2020 WL 1659880, at *3 (internal quotation marks omitted).  And third, "exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice."  Id. (internal quotation marks omitted).

In Colvin, the court concluded that all three exceptions to the exhaustion requirement were met, justifying waiver.  Colvin, 2020 WL 1613943, at *2.  In that case, it was undisputed that defendant suffered from type II diabetes, which put her at a higher risk of experiencing severe illness from COVID-19 than otherwise healthy inmates.  Id. at *1.  The court explained that undue delay resulting in catastrophic health consequences to defendant would make exhaustion futile, that BOP would be incapable of granting relief because defendant's sentence would likely expire before exhaustion of her appeals or 30 days, and she would be subjected to the undue prejudice of a heightened risk of severe illness while attempting to exhaust her appeals. Id. at *2.  The court concluded that under the specific facts

presented—defendant's type II diabetes and short remaining term of imprisonment—waiving the exhaustion requirement was therefore justified.  Id. at *2.

By contrast, here, defendant has not submitted sufficient proof that he suffers from a medical condition that puts him at higher risk for complications from the virus.  Defendant alleges that two years ago, his primary care physician prescribed him an inhaler for his "breathing difficulties."  Doc. no. 43 at 4. But defendant admits that his physician has not diagnosed the source of these breathing issues.  And defendant has not submitted any medical records from before or during his incarceration that support these contentions.

Under the CDC guidelines, individuals with "chronic lung disease or moderate to severe asthma" are at a higher risk of experiencing severe illness from COVID-19.[3]  Although the court believes that defendant has some form of breathing difficulty, there is no evidence in the record indicating that he has asthma or, if so, the severity of his condition.  Indeed, the court finds it unlikely that his breathing condition is severe given that in his presentence report interview last fall defendant

---

[3] Centers for Disease Control and Prevention, Information for Healthcare Professionals: COVID-19 and Underlying Conditions, https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html (last visited Apr. 17, 2020).

"denied any history of significant medical issues."  Doc. no. 31
at 10.  With no mention of his condition in the presentence
report and no medical records from his primary care (or other)
physician, the court cannot classify defendant has having
"moderate to severe asthma."

Under these circumstances, none of the exceptions to
exhaustion applies.  First, because defendant has not shown that
his underlying health condition puts him in special danger of
facing catastrophic health consequences if infected with COVID-
19, his exhaustion of administrative remedies would not be
futile.  Cf. United States v. McCarthy, No. 3:17-CR-0230 (JCH),
2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020) (waiver justified
because defendant in danger of severe illness from COVID-19 due
to underlying conditions of COPD and asthma).

Second, waiver is not warranted because defendant is not
"incapable of getting adequate relief" through the
administrative appeals process.  Zukerman, 2020 WL 1659880, at
*3 (internal quotation marks omitted).  He only recently began
serving his 30-month sentence, so he has time before his release
to complete the administrative appeals process or wait 30 days
before petitioning this court again for his release.  Cf.
McCarthy, 2020 WL 1698732, at *4 (waiver justified where
defendant had been incarcerated for 31 months and only 26 days

10

of his sentence remained); Colvin, 2020 WL 1613943, at *2
(waiver justified when defendant had diabetes and only eleven
days of imprisonment remaining); United States v. Perez, No. 17
CR. 513-3 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020)
(waiver justified when delay of appeals process would deny
relief altogether because defendant had only three weeks of
imprisonment remaining).

Third, defendant has not shown that he would be subjected
to undue prejudice by having to exhaust his administrative
remedies.  To be sure, all inmates, including defendant, are
subjected to the prejudice of heightened exposure to the virus
while in prison.  But because defendant has not shown that he is
a member of a particularly vulnerable population, he will not
suffer undue prejudice by waiting for 30 days or exhausting his
administrative appeals before refiling before this court.  Cf.
Zukerman, 2020 WL 1659880, at *3-4 (finding waiver of exhaustion
requirements justified due to defendant's old age, diabetes,
hypertension, and obesity, which put him at a higher risk of
experiencing severe illness from COVID-19).  Ultimately,
defendant's purported health issues are not severe enough to
justify bypassing the statutorily prescribed procedure of
allowing BOP to evaluate his compassionate release request in

the first instance.  Assuming that waiver is justified in some cases, the present case is not one of them.

II.  <u>No Extraordinary and Compelling Reason</u>

As an alternative ground for its decision, the court finds that even if it waived the exhaustion requirements, defendant would not be entitled to a sentence reduction.  As discussed above, properly exhausting administrative remedies is only the first step in achieving a sentence reduction.  Defendant must also establish that: extraordinary and compelling reasons warrant the sentence reduction; that he is not a danger to the community; and that the release would be consistent with the 18 U.S.C. § 3553(a) factors.  <u>See</u> 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.  Based on the current record, defendant has not demonstrated an extraordinary and compelling reason warranting a sentence reduction to home confinement.

The Commentary to the Sentencing Guidelines Policy Statement regarding compassionate release identifies four categories of "extraordinary and compelling reasons" that justify a sentence reduction: defendant's medical condition; defendant's age; defendant's family circumstances; and a catchall category.  U.S.S.G. § 1B1.13, App. Note 1.  Only the

medical condition and catchall categories are arguably relevant here.

In order for a medical condition to qualify as an extraordinary and compelling reason under the guidelines, it must be either a "terminal illness" or a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  See U.S.S.G. § 1B1.13, App. Note 1(A).  Defendant has not shown that his "breathing difficulties" meet either of these definitions.

This case also does not fall within the "catchall category."  The catchall provision encompasses situations in which "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" defendant's medical condition, age, or family circumstances. U.S.S.G. § 1B1.13, App. Note (1)(D).  There are some circumstances in which a defendant's underlying health issues combined with the threat posed by COVID-19 constitute an "extraordinary and compelling reason" warranting release.  See, e.g., United States v. Edwards, No. 6:17-CR-00003, 2020 WL 1650406, at *5 (W.D. Va. Apr. 2, 2020) (granting compassionate

release based on threat of COVID-19 and defendant's terminal brain cancer and immunocompromised condition from chemotherapy).

But here, defendant's allegations fall short.  As described in detail above, the court finds that defendant has offered inadequate support for his contention that his breathing difficulties actually put him at a higher risk of experiencing severe illness from COVID-19.  See United States v. Lowry, No. 18 CR 882, 2020 WL 1674060, at *2 (S.D.N.Y. Apr. 6, 2020) (denying request for compassionate release because defendant's history of respiratory infections and ailments, even coupled with the risk of contracting COVID-19, did not qualify as an "extraordinary and compelling reason" for his release); cf. United States v. Ordonez, No. CR-18-00539-01-PHX-DGC, 2020 U.S. Dist. LEXIS 58955, at *6-7 (D. Ariz. Apr. 3, 2020) (denying defendant's request for release pending appeal because defendant offered only speculative evidence that he suffered from an autoimmune disorder that would put him at greater risk from COVID-19).  Defendant has not demonstrated that "extraordinary and compelling reasons" warrant his release to home confinement.

Nevertheless, the court is sympathetic to defendant's request.  Based on defendant's minimal criminal history, he may be a good candidate for home confinement under 18 U.S.C. § 3624(c)(2) as amended by § 12003(b)(2) of the CARES Act and the

guidance provided in Attorney General Barr's Memorandum.[4]
Although BOP is already proactively reviewing inmates for
suitability to be released to home confinement, an inmate who
believes he is eligible for home confinement may submit a
request and provide a release plan to his case manager.[5]

<strong>CONCLUSION</strong>

For the foregoing reasons, the court denies defendant's
motion for compassionate release (doc. no. 43) without
prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 22, 2020

cc:   Counsel of Record
      U.S. Probation
      U.S. Marshal

---

[4] See Attorney General William Barr, Increasing the Use of
Home Confinement at Institutions Most Affected by COVID-19,
https://www.justice.gov/file/1266661/download (last visited Apr.
20, 2020).

[5] See Federal Bureau of Prisons, Update on COVID-19 and Home
Confinement,
https://www.bop.gov/resources/news/20200405_covid19_home_confine
ment.jsp (last visited Apr. 20, 2020).